(April 5, 1994)

■ MADE FROM SCRATCH, INC., Appellant-Respondent, v SONY USA INC. et al., Respondents-Appellants. [610 NYS2d 12] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on March 26, 1993, which, *inter alia,* granted plaintiff's motion for reargument and upon reargument granted plaintiff's motion for a preliminary injunction, and awarded interim payments to plaintiff, is unanimously reversed, on the law and the facts and in the exercise of discretion, the motion for a preliminary injunction is denied, the injunction bond is vacated, the remedy of interim payments is vacated and plaintiff is directed to refund all sums collected as interim payments, without costs.

Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on March 16, 1993, which, *inter alia,* denied plaintiff's motion for summary judgment, is unanimously modified, on the law, to the extent of awarding partial summary judgment to defendants dismissing the fourth cause of action of the complaint, and otherwise affirmed, without costs.

Appeal from the order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on January 10, 1993, is dismissed as superceded by the order entered on March 26, 1993.

The plaintiff is a commercial tenant of arcade space in which it operates two take-out food kiosks, pursuant to the terms of a fifteen year lease commencing in 1987. Defendant Sony USA is the successor in interest to the original landlord of the lease and is the net lessee of the entire building. The complaint alleges violations of the lease resulting from extensive renovations being performed by Sony to the arcade space. The Motion Court, on an application for a preliminary injunc-

1

tion, enjoined defendants from interfering with plaintiff's access to the kiosks, enjoined defendants from demolishing the kiosks without plaintiff's consent, required defendants to post a two million dollar bond prior to commencing the renovation work, and required defendants to make interim payments to plaintiff representing the diminution of gross receipts as compared to the same month in 1990. We hold that the foregoing injunctive relief constitutes an abuse of discretion and that plaintiff has an adequate remedy at law.

We are satisfied that the renovation work being performed is authorized by the unambiguous terms of the lease. Therefore, we grant summary judgment to defendants only to the extent of dismissing the fourth cause of action which seeks a permanent injunction. Triable issues of fact are presented as to the first three causes of action. Concur—Murphy, P. J., Sullivan, Rosenberger and Wallach, JJ.